IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **DAYTONA BEACH RESORT, LLC** )<br> )<br>      **Plaintiff,** )<br>vs. )<br> )<br>**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA** )<br> )<br>      **Defendant.** ) | **CIVIL ACTION NO:**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Daytona Beach Resort, LLC ("Plaintiff"), by and through its undersigned attorney, states and alleges as follows:

1.

This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq*.; and federal common law.

2.

This breach of contract action involves a federal flood insurance policy that Assurant ("Defendant") issued to Plaintiff pursuant to the NFIA.

3.

Pursuant to 42 U.S.C. § 4072, federal courts have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4.

Federal courts have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus this matter involves federal questions—including the application of federal statutes and federal regulations.

5.

This Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Florida and because Defendant issued a policy of insurance covering property that is located in this State and venue.

6.

Venue of this action is proper in the United States District Court for the Middle District of Florida pursuant to the NFIA and 28 U.S.C. § 1391(b)(2).

7.

At all times relevant hereto, Plaintiff was the owner of certain portions of the condominium building located at 2700 N. Atlantic Ave. Daytona Beach, FL 32118 (the "Property").

8.

Defendant is a Florida corporation. Defendant was and is presently doing business in Volusia County, Florida. Defendant may be served with process on its registered agent Chief Financial Officer at 200 E. Gaines Street, Tallahassee, FL 32399.

9.

At all times relevant hereto, Defendant was a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

10.

Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

11.

Pursuant to 44 C.F.R. Section 62.23 (i)(1), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

12.

On September 28, 2022, a weather event occurred in the Daytona Beach, Florida metropolitan area which resulted in a general and temporary condition of partial inundation of the Property and one or more adjacent properties from the overflow of tidal waters and/or the unusual and rapid accumulation or runoff of surface waters (hereinafter, the "Flood").

13.

The portion of the Property owned by Plaintiff (hereinafter, "Plaintiff's Property") sustained direct physical loss caused by and from the Flood.

14.

Plaintiff has incurred and will incur substantial cost and expense to restore the Plaintiff's Property to its pre-loss condition.

15.

At the time of the Flood, Plaintiff had in full force and effect an insurance policy, given NFIP policy number 7405995517 (the "Policy"), issued by

Defendant which provided flood insurance for Plaintiff's Property. A true and correct copy of the Policy declarations pages are attached hereto as **Exhibit "A"**.

16.

After the Flood, Plaintiff made claim with Defendant under the Policy for the damages they sustained as a result of the Flood. Defendant assigned claim number 7405995517 to Plaintiff's claim (the "Claim").

17.

Plaintiff fully performed all duties and obligations in accordance with the Policy, including making all premium payments, complying with all conditions as required under the terms of the Policy, and furnishing accurate information and statements to Defendant during the Claim.

18.

Plaintiff complied with all conditions precedent to filing this lawsuit.

19.

Defendant failed to make payment to Plaintiff for the full and correct cost to repair or replace the direct physical loss to the Property caused by the Flood as required by the Policy.

20.

Accordingly, Plaintiff is entitled to additional payment from Defendant under the Policy for the direct physical loss to the Property caused by the Flood.

21.

A true and correct copy of Defendant's partial denial letter is attached hereto as **Exhibit "B"**.

## COUNT I – BREACH OF CONTRACT

22.

Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

23.

Plaintiff and Defendant entered into an insurance contract when Plaintiff purchased and Defendant issued the Policy.

24.

The Policy, at all times relevant and material to this case, provided flood insurance coverage for Plaintiff's interest in the Property for, among other things, physical damage and loss to the Property by and from flood.

25.

Plaintiff fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with Defendant regarding the Claim. Plaintiff complied with all conditions precedent to recovery by paying all premiums, timely notifying Defendant of loss, by providing timely and satisfactory Proof of Loss, and by timely bringing this suit.

26.

This is an action for damages as a result of Defendant's breach of the Policy, an insurance contract.

27.

Defendant materially breached the Policy when it failed to make payment to Plaintiff for the full and correct cost to repair or replace the direct physical loss to the Property caused by the Flood as required by the Policy.

28.

By virtue of its failure to pay Plaintiff for Plaintiff's covered losses arising from the Flood, Defendant is liable to and owes Plaintiff for the actual damages Plaintiff sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the Property in accordance with the Policy, together with interest and all other damages Plaintiff may prove as allowed by law

**WHEREFORE,** Plaintiff respectfully request that this Court enter judgment in Plaintiff' favor for all damages arising out of Defendant's breach of contract alleged herein, for expenses, for prejudgment and post-judgment interest as provided by law, and for all other relief this Court may deem just and proper.

Respectfully submitted this 19th day of February, 2024.

**MORGAN & MORGAN**

*/s/ J. Ryan Will*

_____
J. Ryan Will, Florida Bar Number: 0024122
Morgan & Morgan, P.A.
444 Seabreeze Boulevard, Suite 100
Daytona Beach, Florida 32118
Telephone: (386) 281-6790
Facsimile: 386-265-6551
Email: rwill@forthepeople.com

# EXHIBIT A TO PLAINTIFF'S COMPLAINT



**American Bankers Insurance Company of Florida**

**Agent Contact Information**
Pritchard & Jerden Inc
Po Box 723837
Atlanta, GA 31139-0837
(404) 238-9090
**Insurer NAIC Number** 10111

**Policy Number** 7405995517-2022
**NFIP Policy Number** 7405995517
**Policy Term** 08/26/2022 12:01 AM - 08/26/2023 12:01 AM
**Policy Form** RCBAP
**Policy Declarations Type** Renewal Policy Declarations
**Payor** Insured
**Rate Category** Rating Engine

## Flood Insurance Policy Declarations
### THIS IS NOT A BILL

**Insured Name and Mailing Address**
DAYTONA BEACH RESORT LLC
2700 N ATLANTIC AVE
DAYTONA BEACH, FL 32118-3005

**Property Location**
2700 N ATLANTIC AVE
DAYTONA BEACH, FL 32118-3005

### COVERAGE AND RATING

|  | Coverage | Deductible |
|---|---|---|
| **Building** | $2,500,000 | $1,250 |
| **Contents** | $100,000 | $1,250 |

### PROPERTY INFORMATION

| | |
|---|---|
| **Flood Zone** | X |
| **Primary Residence** | No |
| **Building Occupancy** | Res. Condo Building |
| **Building Description** | Res. Condo Building |
| **Building Description Detail** | |
| **First Floor Height** | 0.5000000160 Feet |
| **Method Used for 1st Floor Height** | TOOL |
| **Property Description** | Slab on Grade, 3 Floors, Other |
| **Date of Const/Substantial Imp** | 01/01/2020 |
| **Replacement Cost Value** | $32,205,962 |
| **Prior NFIP Claims** | 0 claims |
| **Number of Units** | 318 |

**Premium Details**

| | |
|---|---|
| Building Premium | $43,736 |
| Contents Premium | $2,655 |
| ICC Premium | $75 |
| Mitigation Discounts | (-$0) |
| CRS Discount | (-$9,261) |
| **Full-Risk Premium** | **$37,205** |
| *Statutory Discounts* | |
| Annual Increase Cap Discount | (-$31,741) |
| Pre-FIRM Discount | (-$0) |
| Newly Mapped Discount | (-$0) |
| Other Statutory Discounts | (-$0) |
| **Discounted Premium** | **$5,464** |
| *Fees and Surcharges* | |
| Reserve Fund Assessment | $984 |
| HFIAA Surcharge | $250 |
| Federal Policy Fee | $2,376 |
| Probation Surcharge | $0 |
| **Total Annual Premium** | **$9,074** |

*Effective 4/1/2022, the NFIP implemented a new pricing methodology, Risk Rating 2.0 Phase II Renewals. Some property information on your policy may have been updated. Please contact your flood insurance agent to ensure you have the most accurate and up to date property information.*

Your property's NFIP flood claims history can affect your premium.

### MORTGAGE INFORMATION

Coverage limitations may apply. See your policy form for details.
For Questions about your flood insurance policy rating, contact your agent or insurance company. To learn more about your flood. risk please visit FloodSmart.gov/floodcosts.
**Policy Issued By:**   American Bankers Insurance Company of Florida          Printed: 09/02/2022

# EXHIBIT B TO PLAINTIFF'S COMPLAINT

American Bankers Insurance Company of Florida
P.O. Box 105290
Atlanta, GA 30348
T  800-423-4403



10/13/2023

DAYTONA BEACH RESORT LLC
2700 N ATLANTIC AVE
DAYTONA BEACH, FL 32118

| | |
|---|---|
| Insured Name: | DAYTONA BEACH RESORT LLC and CONFERENCE CTR CONDO ASSOC |
| Policy / Claim No: | 7405995517 |
| Date of Loss: | 09/28/2022 |
| Property Address: | 2700 N ATLANTIC AVE DAYTONA BEACH, FL 32118 |

Dear Policyholder:

Thank you for trusting American Bankers Insurance Company of Florida (ABIC) in partnership with the National Flood Insurance Program (NFIP) for your flood insurance needs.

We have reviewed the Independent Adjusters report and at this time, we have determined that your flood insurance policy cannot respond to assist you in removing the co-insurance penalty on the loss.

We denied your request to remove the co-insurance penalty based upon the applicable provisions of the Standard Flood Insurance Policy (SFIP), as set forth below. If you do not have one, you may obtain a copy of the Standard Flood Insurance Policy online at: www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy- forms.

We reviewed the Independent Adjuster's report dated 3/3/2023 and 3/31/2023 which confirmed the insured building is not covered at least 80 percent of its replacement cost or the maximum amount of insurance available for the building under the National Flood Insurance Program (NFIP). The replacement cost of the building is reported at $33,348,436.00 on the date of loss. The minimum required amount of insurance is $26,678,748.80. Your building coverage was $2,500,000.00 for the applicable policy term. We maintain the outcome of the claim applying the coinsurance penalty to the loss pursuant to policy section VII Coinsurance B and C. Our investigation has confirmed the policy is properly rated under a Residential Condominium Building Association Policy (RCBAP). The National Flood Insurance Program (NFIP) has also confirmed there are no other flood policies on the building for the date of loss under our named insureds. We regret we are unable to remove the coinsurance penalty on the loss and must deny additional payment pursuant to the applicable policy language.

You do not need to take any further action. However, if you wish to take further action concerning this denial, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action.

If you have any questions regarding this letter or your flood insurance policy, please contact the claims department at (800) 423-4403, press 3 to be assisted by someone on our claims team, or enter the extension of your assigned in-house adjuster. You may send us any additional documentation for review to myfloodclaim@assurant.com and be sure to include the 10-digit policy number (found at the top of this letter) in the subject line to ensure your items are connected to your claim appropriately and quickly.

By this letter we do not intend to waive or relinquish any of our rights or defenses, either listed or unlisted, under this policy of insurance.

Sincerely,

Flood Claims Department



# Policyholder Rights

**You have options if your flood insurer denies your claim**

We understand that the claims process is not always an easy one, but we are here to support you. If you do not agree with your insurer's decision to deny your claim and you receive a full or partial claim denial letter from your insurer, you have several options:



**Work with your insurer.** We encourage you to first talk to your adjuster or insurer for any specific questions about your claim. Your adjuster can answer general questions and assist you in proving your loss. Your insurer can address specific questions and make final decisions about your claim. If you need to correct or add to any previously submitted proof of loss, you can submit an amended proof of loss directly to your insurer. You must sign and swear to an amended proof of loss and include documentation to support your loss and the dollar amount requested.

**File an appeal.** You may file a flood insurance appeal directly to us at FEMA, the Federal agency that oversees the National Flood Insurance Program (NFIP). On appeal, FEMA will work with you and your insurer to gather the claim facts, review the applicable guidance, policy terms and conditions, and provide an appeal decision that explains why FEMA is upholding or overturning the decision.

- To file an appeal, you must explain the issue(s) in writing, include a copy of the denial letter from your insurer, and provide any supporting documentation.
- There is no fee to file an appeal and you do not need a third party to represent you. If you have a third party represent you, FEMA will not pay for any costs incurred for representation. By law, FEMA cannot discuss your claim with a third party representative unless you provide certain information in writing. Please see "Authorize Someone Else to Represent You" at https://www.fema.gov/flood-claim-appeals-and-guidance for additional information.
- You must file your appeal within 60 days of the date of the insurer's denial letter by sending it to FEMA, 400 C Street SW, 3rd Floor SW, Washington, D.C. 20472-3010, or FEMA-NFIP-Appeals@fema.dhs.gov. **FEMA will receive and begin processing emailed appeals more quickly than those sent via U.S. mail or express carrier.** Please note that due to cybersecurity requirements, FEMA cannot access file sharing sites, CDs, DVDs, or any electronic storage devices.
- If you appeal, you can later choose to file suit against your insurer as long as you are still within the one-year timeframe available to file suit, but you can no longer seek appraisal.



**File a lawsuit.** Federal law permits you to file suit in the Federal District Court where the damage occurred within one year of when your insurer first denied all or part of your claim.

- You must file suit against your insurer. If the NFIP Direct is your insurer, you may file suit against FEMA. For all other flood insurers, you may not file suit against FEMA.
- Filing an appeal does not extend the one-year timeframe to file suit against your insurer.
- Prior to or after filing a lawsuit, you may want to invoke the appraisal provision of the Standard Flood Insurance Policy. Appraisal is a viable alternative to a lawsuit when the only dispute between you and your insurer involves the price to be paid for a covered flood-damaged item.
- After filing an appeal to FEMA, you may still file suit against your insurer, but once you initiate litigation you can no longer file an appeal.

*Additional Information.* For more information about the flood insurance claims process, please see the NFIP Flood Claims Process Fact Sheet or the NFIP Flood Insurance Claims Handbook both found electronically on FEMA.gov.